# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JUAN CARLOS RIVERA, | ) | Case No.: 2:11-cv-001-RLH-NJK |
| Plaintiff(s), | ) | **O R D E R** |
| vs. | ) | |
| CLARK COUNTY, NEVADA, *et al.*, | ) | |
| Defendant(s). | ) | |

  Before the Court is the Report and Recommendation of United States Magistrate Judge (# 19, filed January 11, 2013), entered by the Honorable Nancy J. Koppe, regarding Plaintiff's failure to comply with the Court's orders and second failure to appear at a scheduled hearing. An objection was filed to Magistrate Judge Koppe's Report and Recommendation of United States Magistrate Judge in accordance with Local Rule IB 3-2 of the Rules of Practice of the United States District Court for the District of Nevada (# 20, filed January 20, 2013), and the matter was submitted for consideration.

  Plaintiff's failure to appear at the Show Cause Hearing on December 27, 2012 (#16) is the most recent iteration of Plaintiff's noncompliance with the Court's Orders, rules, and

1   procedures.  Plaintiff originally applied to proceed *in forma pauperis* on January 3, 2011.  On
2   February 1, 2011, the Court held a status hearing in this case and ordered Plaintiff,
3   Juan Carlos Rivera to file an Amended Complaint on or before March 30, 2011. More than a year
4   later, on April 18, 2012, Plaintiff, Juan Carlos Rivera, filed an Amended Complaint (#7). On
5   September 27, 2012, the Court entered an Order (#8) scheduling a status hearing for October 22,
6   2012, on the Amended Complaint (#7). The Order (#8) was served on Plaintiff by the United
7   States Postal Service by certified mail, return receipt requested. *See* Certified Mail Receipt (#9).
8   Plaintiff, Juan Carlos Rivera failed to appear for the hearing scheduled for October 22, 2012.
9         On October 24, 2012, the Court entered a Report and Recommendation for
10  dismissal with prejudice regarding the Plaintiff's failure to comply with the Court's order and
11  failure to appear at the scheduling hearing recommending. On October 28, 2012, in accordance
12  with Local Rule IB 3-2 of the Rules of Practice of the United States District Court for the District
13  of Nevada, the Plaintiff filed an Objection (#11) to the Report and Recommendation. Plaintiff's
14  objection neglected to explain why the amended complaint was filed a year late and the only
15  excuse provided for failing to appear was that he never received the notice of the status hearing at
16  which he failed to appear. Apparently, Plaintiff had moved to a new address but failed to inform
17  the Court of a change of address as required by Local Rule LSR 2-2.
18        Based on this information, the Court determined to not adopt the Report and
19  Recommendation "[n]otwithstanding the fact that the failure of the Plaintiff was caused by his own
20  violations of the Local Rules and [was] not fully explained." (# 13, entered November 16, 2012.)
21  Plaintiff's address was updated in the Court's records, the matter referred back to the Magistrate
22  Judge, and the show cause hearing was rescheduled for December 27, 2012.  However, Plaintiff
23  again failed to appear. (# 16.)  The Magistrate Judge then entered this Report and
24  Recommendation that the case be dismissed with prejudice.  Plaintiff filed an objection once again
25  omitting any justification for the untimely filing of his amended complaint and excusing his failure
26  to appear at the hearing by explaining that his residence had again changed, and he did not receive

AO 72
(Rev. 8/82)

notice of the hearing.  A cursory review of Plaintiff's opposition and the record shows that the non-receipt was once again due to Plaintiff's failure to update his address with the Court as required by Local Rule LSR 2-2.

   The Court has conducted a *de novo* review of this matter in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule IB 3-2 and determines that the Report and Recommendation of Magistrate Judge Koppe should be adopted.  Plaintiff has established a history of noncompliance with the Court's Orders, and any non-receipt the notice of hearing was due to Plaintiff's own failure to abide by the Court's rules.  Further, although the Plaintiff may have been unfamiliar with LSR 2-2 initially, the previous Report and Recommendation together with his opposition is sufficient to inform Plaintiff that he must keep a current address with the Court so that the Court may communicate with him.  The Court is conscious of the Plaintiff's pending *in forma pauperis* status as well as his asserted limited access to a computer.  Neither of these facts, however, prevent Plaintiff from updating his address with the Court or even staying generally abreast about the happenings in his case.  Most importantly, these facts do not excuse repeatedly ignoring the Court's orders and not complying with known Court rules.  For these reasons, the case is dismissed with prejudice.

   IT IS SO ORDERED.

   Dated: February 19, 2013.

                      _____
                       **ROGER L. HUNT**
                       **United States District Judge**